UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACK FORD,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.
_______________________________/

Hon. Robert J. Jonker

Case No. 1:26-cv-399

## REPORT AND RECOMMENDATION

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's applications for Disability Insurance Benefits (DIB) under Title II and Supplemental Security Income (SSI) under Title XVI of the Social Security Act.

Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence, it shall be conclusive. The Commissioner has found that Plaintiff is not disabled within the meaning of the Act. Plaintiff seeks review of the Commissioner's decision, arguing that it is not supported by substantial evidence.

Pursuant to 28 U.S.C. § 636(b)(1)(B), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of social security appeals, I recommend that the Commissioner's decision be **AFFIRMED**.

## STANDARD OF REVIEW

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human*

*Servs.*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards and whether there exists in the record substantial evidence supporting the decision. *See Brainard v. Sec'y of Health & Hum. Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and those findings are conclusive provided substantial evidence supports them. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla but less than a preponderance. *See Cohen v. Sec'y of Dept. of Health and Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Servs.*, 735 F.2d 962, 963 (6th Cir. 1984). As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). This standard affords to the administrative decision maker considerable latitude and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## PROCEDURAL POSTURE

Plaintiff filed applications for DIB and SSI on November 29, 2023, alleging that he had been disabled since June 10, 2023, due to post-traumatic stress disorder (PTSD). (PageID.82, 90, 259.) Plaintiff was 52 years old at his alleged onset date. (PageID.82, 90.) He completed the 11th grade and previously worked as a food clerk at Meijer. (PageID.260.) Plaintiff's applications were denied initially and on reconsideration, after which he requested a hearing before an Administrative Law Judge (ALJ).

On February 25, 2025, the ALJ held an in-person hearing in Grand Rapids, Michigan, at which Plaintiff and Shannon Smith, an impartial vocational expert (VE) testified. (PageID.46–78.) On March 26, 2025, the ALJ issued a written decision finding that Plaintiff was not disabled under the Social Security Act. (PageID.26–45.) The Appeals Council denied Plaintiff's request for review on December 8, 2025. (PageID.15–20.) Therefore, the ALJ's ruling became the Commissioner's final decision. See *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 434 (6th Cir. 2007). Plaintiff timely initiated this civil action for judicial review on February 6, 2026. (ECF No. 1.)

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1] If the Commissioner can make a

---

[1] 1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b), 416.920(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. §§ 404.1520(c), 416.920(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of

dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that, if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining residual functional capacity (RFC). *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and he can satisfy his burden by demonstrating that his impairments are so severe that he is unable to perform his previous work and cannot, considering his age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528. While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which his RFC is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

After determining that Plaintiff had not engaged in substantial gainful activity since June 10, 2023, his alleged onset date, the ALJ found that Plaintiff suffered from severe impairments of post-traumatic stress disorder (PTSD), depression, and anxiety. (PageID.31.) The ALJ also considered Plaintiff's nonsevere impairments, including obesity, headaches, and hypertension.

---

Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors (20 C.F.R. §§ 404.1520(d), 416.920(d));

4. If an individual is capable of performing her past relevant work, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e), 416.920(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f), 416.920(f)).

(PageID.31–32.) At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled any impairment identified in the Listing of Impairments detailed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (PageID.32–34.)

The ALJ found that Plaintiff had the RFC to perform a full range of work at all exertional levels, subject to the following nonexertional limitations:

> [H]e can carry out very short and simple instructions; no interaction with the public; and can occasionally interact with coworkers and supervisors, but no team or tandem work.

(PageID.34.).

At step four, the ALJ determined that Plaintiff could not perform any of his past relevant work. (PageID.38.) At step five, however, based on testimony from the vocational expert, the ALJ found that Plaintiff could perform the occupations of stores laborer, hand packager, and industrial cleaner, representing approximately 86,000 jobs in the national economy that an individual of Plaintiff's age, education, work experience, and RFC could perform. (PageID.38–39.) This represents a significant number of jobs. *See, e.g., Taskila v. Comm'r of Soc. Sec.*, 819 F.3d 902, 905 (6th Cir. 2016) (stating that "[s]ix thousand jobs in the United States fits comfortably within what this court and others have deemed 'significant'"). Accordingly, the ALJ determined that Plaintiff was not disabled.

## DISCUSSION

Plaintiff raises two issues in his appeal: (1) the ALJ failed properly to consider his obesity under SSR 19-2p, particularly its combined effects with his other physical impairments and its impact on his ability to perform work at all exertional levels; and (2) the ALJ improperly relied on the vocational expert's response to a hypothetical question that did not accurately reflect Plaintiff's limitations in interacting with others.

### 1. ALJ's Consideration of Obesity

Plaintiff first argues that the ALJ failed properly to consider his obesity under SSR 19-2p. (ECF No. 12 at PageID.688.) Plaintiff emphasizes that his BMI consistently exceeded 40 and argues that the ALJ failed adequately to account for the combined effects of his obesity, knee problems, occasional cardiac episodes, and physical deconditioning in determining that he could perform work at all exertional levels. (*Id*. at PageID.688–90.) In support of his argument that the ALJ's consideration of obesity was insufficient, Plaintiff relies on *Martinez-Lanum v. Comm'r of Soc. Sec.*, No. 1:24-cv-548, 2025 WL 2104574 (W.D. Mich. July 28, 2025), *Shilo v. Comm'r of Soc. Sec.*, 600 F. App'x 956 (6th Cir. 2015), and *Miller v. Comm'r of Soc. Sec.*, 811 F.3d 825 (6th Cir. 2016). (*Id*. at PageID.688–90.)

SSR 19-2p governs the evaluation of obesity in disability claims. The ruling provides that "[n]o specific weight or BMI establishes obesity as a 'severe' or 'not severe' impairment." SSR 19-2p, 2019 WL 2374244, at *4. Instead, the ALJ must assess how obesity affects the claimant's functioning. *Id*. When assessing RFC, the ALJ "must consider the limiting effects of obesity" and "explain how [the ALJ] reached [the] conclusion on whether obesity causes any limitations." *Id*. The ruling further recognizes "[t]he combined effects of obesity with another impairment(s) may be greater than the effects of each of the impairments considered separately." *Id*.

Here, the ALJ followed the requirements of SSR 19-2p in evaluating Plaintiff's obesity. The ALJ first acknowledged that Plaintiff's BMI consistently exceeded 40 and recognized that obesity could affect exertional and postural functions. (PageID.32.) Nevertheless, the ALJ found no indication that Plaintiff's obesity significantly limited his ability to perform basic work activities. (*Id*.) In reaching this conclusion, the ALJ noted that Plaintiff walked to medical appointments and the library and had not reported obesity-related work limitations. (*Id*.)

The ALJ also considered Plaintiff's knee complaints. The ALJ discussed an October 2022 medical visit during which Plaintiff reported walking frequently but denied joint pain, medication use for knee pain, or reduced functioning. (*Id.*) The examination revealed only very mild quadriceps asymmetry. (*Id.*) The ALJ further observed that the record contained no subsequent treatment, imaging, or diagnosis relating to Plaintiff's knee. (*Id.*) Based on this evidence, the ALJ concluded that Plaintiff's knee complaints did not establish a medically determinable impairment. (*Id.*) Thus, the ALJ considered Plaintiff's obesity and his related knee complaints. Ultimately, the ALJ explained why the evidence did not support additional functional limitations attributable to obesity, as required by SSR 19-2p.

Plaintiff's reliance on *Martinez-Lanum*, *Shilo*, and *Miller* is unpersuasive. Although Plaintiff cites language from *Shilo* and *Martinez-Lanum* concerning the ALJ's obligation to consider obesity, he does not adequately account for the specific deficiencies in the ALJ's analyses that warranted remand in those cases. In *Shilo*, the ALJ's discussion of obesity was limited to noting the claimant's weight, identifying obesity as a severe impairment, and stating that it had been considered in combination with his back condition. 600 F. App'x at 962. The Sixth Circuit found this insufficient, particularly given the extensive medical evidence documenting the effects of Shilo's obesity and other physical impairments on his ability to perform various activities. *Id.* at 962–64. Likewise, in *Martinez-Lanum*, the court found the ALJ's discussion insufficient because the ALJ acknowledged obesity without "articulat[ing] how Plaintiff's obesity caused (or did not cause) additional limitations in conjunction with her other symptoms." 2025 WL 2104574, at *2. Here, by contrast, the ALJ provided the explanation missing in those cases. (PageID.32.)

Plaintiff asserts, in passing, that *Miller* is factually analogous to the present case without explaining the basis for that comparison. But *Miller* involved deficiencies in the ALJ's RFC analysis that Plaintiff has not identified here. 811 F.3d at 834–35.

Plaintiff's remaining assertions fare no better. First, Plaintiff repeatedly emphasizes his high BMI, knee problems, and other physical complaints, ultimately asking "[i]s this Court really to believe that" he can perform medium work? (ECF No.12 at PageID.689; ECF No. 17 at PageID.710–12.) Plaintiff fails to adequately explain how this evidence demonstrates that the ALJ's evaluation of his obesity was unsupported by substantial evidence. His assertion that greater restrictions are warranted, without further explanation, is insufficient.

Nor does Plaintiff meaningfully challenge the ALJ's reasoning. Instead, Plaintiff focuses on the ALJ's observation that he could walk to medical appointments and the library, while overlooking the other evidence supporting the ALJ's assessment. (ECF No.12 at PageID.690.) As discussed above, the ALJ's conclusion did not rest solely on Plaintiff's ability to walk. Plaintiff appears to mistake his preferred interpretation of the evidence for a demonstration of legal error.

Ultimately, the question is not whether the evidence could support a different conclusion, but whether substantial evidence supports the ALJ's findings. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) ("An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision."); *see also Napier v. Comm'r of Soc. Sec.*, 127 F.4th 1000, 1006 (6th Cir. 2025). Because the ALJ considered Plaintiff's obesity and explained why the evidence did not warrant additional functional limitations, I find no reversible error.

**2. The Vocational Expert Testimony**

Plaintiff next argues that the ALJ relied on the vocational expert's (VE) response to a hypothetical question that did not accurately reflect his limitations. (EFC No. 12 at PageID.690–91.) Plaintiff points to the VE's testimony that an individual unable to interact with others could not maintain competitive employment. (*Id*. at 690.) In support, Plaintiff relies on his own hearing testimony describing repeated workplace conflicts, particularly with supervisors. (*Id*. at PageID.690–91.) In his reply, Plaintiff also cites Rose Spear's assessment and Dr. Francis's observations concerning his mental-health conditions. (ECF No. 17 at PageID.711–12.) Plaintiff contends that the ALJ ignored evidence supporting more restrictive limitations and improperly relied on the VE's testimony identifying available jobs. (EFC No. 12 at PageID.690–91.)

An ALJ may rely on vocational expert testimony as substantial evidence, but only "if the question accurately portrays [plaintiff's] individual physical and mental impairments." *Varley v. Sec'y of Health & Hum. Servs.*, 820 F.2d 777, 779 (6th Cir. 1987) (quoting *Podedworny v. Harris*, 745 F.2d 210, 218 (3d Cir. 1984)). However, the ALJ is required to "incorporate only those limitations accepted as credible by the finder of fact." *Casey v. Sec'y of Health & Hum. Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993). Thus, the ALJ need not include every limitation alleged by a claimant, provided that the limitations adopted by the ALJ are supported by substantial evidence.

Here, the ALJ considered Plaintiff's difficulties in interacting with others, including his history of workplace conflicts, PTSD symptoms, reported anger and irritability, and his testimony regarding difficulties with supervisors and coworkers. (PageID.35–36.) The ALJ further considered evidence of Plaintiff's improvement with EMDR treatment, his reported efforts to establish new friendships and reconnect with estranged family members, and his ability to interact appropriately with medical professionals, including both male and female providers. (*Id.*) The ALJ

also noted that, during the consultative psychological examination, Plaintiff displayed appropriate mood and affect and interacted with the examiner without difficulty. (*Id.*) Based on this evidence, the ALJ concluded that Plaintiff had moderate limitations in interacting with others and restricted him to work involving no public interaction, only occasional interaction with supervisors and coworkers, and no team or tandem work. (*Id.* at 34.) Thus, the ALJ acknowledged Plaintiff's social difficulties but found that the evidence did not warrant eliminating all workplace interaction.

Plaintiff's argument overlooks the ALJ's evaluation of the record. Contrary to Plaintiff's assertion, the ALJ did not ignore his reported difficulties but considered them alongside the medical records, treatment history, and consultative examination findings in determining the extent of Plaintiff's social limitations. Indeed, the ALJ accounted for Plaintiff's difficulties by imposing greater social restrictions than those recommended by the state agency psychological consultants, specifically citing Plaintiff's testimony and history of employment termination. (PageID.37.) Ultimately, Plaintiff fails to explain why the ALJ's evaluation of this evidence was insufficient or why the evidence warranted more restrictive limitations than those adopted by the ALJ.

Because the ALJ's hypothetical question reflected the social-interaction restrictions he found supported by the record, the ALJ was entitled to rely on the VE's testimony identifying jobs consistent with those restrictions. This Court cannot substitute Plaintiff's preferred interpretation of the evidence merely because the record could support a different conclusion.

## CONCLUSION

For the reasons stated herein, I recommend that the Commissioner's decision be **AFFIRMED.**

Dated: October 21, 2026

/s/ Sally J. Berens
SALLY J. BERENS
U.S. Magistrate Judge

**NOTICE**

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within that time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).